**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN - MILWAUKEE DIVISION**

---

ESTATE OF RANDY D. GLENN, Jr., by
his Special Administrator, SACHET GLENN,
and SACHET GLENN, Individually,
A.A.G., a minor, A.Z.G., a minor,
A.C.G., a minor, and A.D.G., a minor,
by their mother and guardian,
SACHET GLENN,

Civil Action No. 2:25-cv-02050-JPS

Plaintiffs,

v.

WAUKESHA COUNTY,
ERIC J. SEVERSON,
JOHANNA J. GRACE,
WISCONSIN MUNICIPAL MUTUAL INSURANCE
COMPANY, TEXAS INSURANCE COMPANY, and
SCOTTSDALE INSURANCE COMPANY

Defendants.

---

**PARTIES' JOINT RULE 26(f) REPORT**

---

Pursuant to this Court's Comprehensive Protocols and Procedures Order (Dkt. 3) and its text order dated April 10, 2026, the parties who have appeared in this case, by their undersigned counsel, conferred on the matters set forth in Fed. R. Civ. Pro. 26(f) and jointly submit this Report.

**1. Nature of the Case.**

**A. Factual Background.** This civil rights case arises out of the death of Randy D. Glenn in the Waukesha County Jail on January 17, 2023. Plaintiffs are the Estate of Randy D. Glenn, Jr., his surviving spouse, Sachet Glenn, and their minor children, A.A.G., A.Z.G., A.C.G., and A.D.G. Defendants are Waukesha County, Eric J. Severson, Johanna J. Grace, Wisconsin Municipal Mutual Insurance (Waukesha defendants) and Texas Insurance Company and Scottsdale Insurance Company. Plaintiffs bring claims under 42 U.S.C. § 1983, the Fourteenth

Amendment and state law, alleging that the Waukesha defendants were objectively unreasonable and/or deliberately indifferent in failing to obtain emergency medical treatment for Randy D. Glenn's objectively serious medical condition while he was in the custody of Waukesha County, causing his preventable death. Plaintiffs also bring direct action claims under Wis. Stat. §632.24 against Texas Insurance Company and Scottsdale Insurance Company for negligence against their insureds—Wellpath Holdings, Inc. and/or Wellpath, LLC and its agents and employees, including Nurse Deborah Link—for the insurers' liability regardless of their insured's bankruptcy or insolvency. Plaintiffs further allege that case law decided prior to Randy D. Glenn's death holds that a pretrial detainee's constitutional right to receive medical care when he is in obvious physical distress, especially after a suspected or actual recent ingestion of controlled substances, is clearly established for purposes of qualified immunity. *Mitchell v. Kallas*, 895 F.3d 492, 499 (7th Cir. 2018); *Sandoval v. County of San Diego*, 985 F.3d 657, 679-80 (9th Cir. 2021).

Defendants deny liability on the merits as a matter of law and based on qualified immunity.

B. **Procedural Background.** Plaintiffs filed an amended complaint. (Dkt. 20) The Waukesha County defendants and Texas Insurance Company have appeared and answered the amended complaint. (Dkt. 22, 29) Scottsdale Insurance Company has not appeared nor filed any pleading responsive to plaintiffs' amended complaint. Pursuant to this Court's April 10, 2026 text order, plaintiffs are moving for default against Scottsdale Insurance Company under Fed. R. Civ. Pro. 55(a). The parties do not anticipate further amendments to the pleadings or joinder of any other parties. On April 20, 2026, Texas Insurance Company requested a "meet and confer" before filing a motion to dismiss. Plaintiffs intend to respond.

**2. Proposed Discovery Plan Pursuant to Fed. R. Civ. Pro. 26(f)(3)(A)-(F)**

**(A) Initial Disclosures.** The parties will exchange initial disclosures on or before May 15, 2026, pursuant to Fed. R. Civ. Pro. 26(a)(1). The parties do not anticipate any changes in the timing, form, or requirement for disclosures.

**(B)-(E) Nature of Discovery**. Discovery is needed on the issues of liability and damages. The parties do not anticipate that discovery will need to be conducted in phases or otherwise limited. The parties anticipate discovery will be completed two weeks prior to final pretrial conference and after any ruling on summary judgment has been issued. The parties do not anticipate any issues with disclosure or discovery of electronic information but will promptly address any issues that do arise during the course of discovery. The parties agree to make any and all necessary efforts to preserve all discoverable information, including electronically stored information. The parties do not anticipate any issues with claims of privilege or protection of trial-preparation materials. The parties agree that the timing, extent, and limitations on discovery shall be those set forth in the Federal Rules of Civil Procedure, the E.D. of Wisconsin local rules, and the Court's Comprehensive Protocols and Procedures (Dkt. 3) and Scheduling Order.

**(F) Orders Requested Under Rule 26(c) or Rule 16(b) or (c).** None at this time.

**3. Dates for Initial Scheduling Order.**

Pursuant to this Court's Comprehensive Protocols and Procedures Order, which provides that the Court's initial scheduling order will only provide dates for an interim settlement report and a cutoff date for dispositive motions, (Dkt. 3 at p.2) the parties have conferred and propose, subject to the Court's approval, that plaintiffs file the interim settlement report one month before the final pretrial conference and that the deadline for any dispositive motions will be April 15, 2027.

Dated: April 22, 2026

**GINGRAS, THOMSEN & WACHS, LLP**
Attorneys for Plaintiffs

s/ Sarah F. Kaas
Mark L. Thomsen, State Bar No. 1018839
Sarah F. Kaas, State Bar No. 1027895
219 N. Milwaukee St., Suite 520
Milwaukee, WI 53202
Phone: 414-935-5482
Fax: 414-763-6413
mthomsen@gtwlawyers.com
skaas@gtwlawyers.com

Dated: April 22, 2026

**CRIVELLO, NICHOLS & HALL, S.C.**

Attorneys for Defendants, Waukesha County, Eric J. Severson, Johanna J. Grace, and Wisconsin Municipal Mutual Insurance Company

s/ Samuel C. Hall
Samuel C. Hall, Jr., State Bar No. 1045476
Sara C. Mills, State Bar No. 1029470
Molly K. Woodford, State Bar No. 1126884
Anna M. Kees, State Bar No. 1073980
710 N. Plankinton Ave., Suite 500
Milwaukee, WI 53203
Phone: 414-271-7722/Fax: 414-271-4438
shall@crivellolaw.com
smills@crivellolaw.com
mwoodford@crivellolaw.com
akees@crivellolaw.com

Dated: April 22, 2026

**BAKER, STERCHI, COWDEN & RICE, LLC**
Attorneys for defendant Texas Insurance Co.

s/ David J. Pliner
Mark T. Budzinski, State Bar No. 1036103
David J. Pliner, State Bar No. 1000394
Christa L. Keel, State Bar No. 1127505
3113 W. Beltline Highway, Suite 100
Madison, WI 53713
Phone: 608-662-1180
Fax: 608-662-1181
Mark.budzinski@bakersterchi.com
David.pliner@bakersterchi.com
Christa.keel@bakersterchi.com